No. 2442.—SUCCESSION OF S. ANGLADA.—Opposition to Tutor's account by the Heir emancipated.

In this case all the questions in dispute between the tutor and the minor were referred to an auditor for adjustment, who made his report, which was homologated by the judge *a quo* and judgment rendered thereon in conformity with the terms and conditions of the report. One of the conditions of the report was that in case the minor refused to receive a building which had been erected on the minor's property by the tutor without authority of law, that then the tutor should have the right of removing said building from the premises. The minor subsequently refused to pay for the building.

Held—That the judgment being in the alternative, giving the minor the right to accept or reject the building, and in the latter case the tutor had reserved to him the right of removing it, that as the minor had refused to accept the building, the tutor could not claim to be credited with the value of the building on the amount found to be due by him as tutor to the minor, but that he was left to exercise his right secured to him by the judgment of removing the building.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *T. A. Bartlette*, for appellant. J. *W. Thomas*, for appellee.

WYLY, J. In the judgment of thirty-first of May, 1869, the court below settled all the issues except as regards the interest due by the tutor on the revenues of the property, which question was referred to an auditor appointed by the court with instructions to compensate the interest found to be due by the tutor with the interest due by the minor "on the disbursement of $600 made by said tutor in the erection of a back building on the property of said minor," twenty days being allowed the auditor to file his report.

In the account thus homologated we find the following statement in reference to the disbursement by the tutor of $600 for the building on the property of the minor, viz: "The value of a two-story frame building covered with slate, 26x21, erected in the rear of the premises

at the expense of S. Font, tutor, which building increases the value of the premises belonging to the minor, situated at the corner of Basin and Julia streets, which cost the sum of $600. If the minor requires that the building should remain, she becomes indebted for its value, or, in case of refusal, the tutor demands the right to remove the same from the premises." With this statement in the account of the tutor, the item of $600 charged up against the minor was homologated.

The auditor found the tutor indebted to the minor $1790 85, and he found the minor indebted to the tutor $911 02, the cost of the building including five per cent. interest from 1860.

Before the report of the auditor was homologated the opponent, who is the sole heir, emancipated by marriage, disclaimed and waived al right to the building erected by the tutor on her property without authority of the court, and for which she is charged $600, with interest since 1860, and she claimed judgment for the full amount found to be due her, to wit, $1790 85, without allowing credit for the value of said building. The court gave judgment on the eleventh of June, 1869, homologating the auditor's report showing the indebtedness of the tutor to the opponent, $1790 85, and rejecting the credit of $911 02, the cost of the building and interest; and considering the disclaimer by the heir of the building mentioned in the account of the tutor and also in the report of the auditor, the court decreed that the tutor have the right to remove the said building from the premises of the minor. From this judgment the appeal has been taken by the tutor.

We are of opinion that the judgment of the court below is correct. Indeed, there is no dispute as to the correctness of the $1790 85 found in the auditor's report to be due by the tutor to the heir. But it is insisted that the credit of $911 02 allowed by the auditor to the tutor for the cost of the building, including interest from 1860, ought to be allowed, and that amount deducted from the amount of the judgment, because in the judgment of the thirty-first of May, 1869, the court dismissed all opposition to the account except that part referred to the auditor, and in dismissing the opposition to the disbursement of $600 for the building, the court virtually ratified that expenditure made by the tutor, and could not by a subsequent judgment reverse it, no appeal having been taken from said judgment of the thirty-first of May, 1869. This would be true if the heir had been charged unconditionally in the account with the cost of the building. But in homologating the account the item referring to the disbursement for the building became the judgment of the court, and how was that item entered in the account? It was in the alternative, to wit: "If the minor requires that the building should remain, she becomes indebted for its value, or in case of refusal, the tutor demands the right to remove the same from the premises."

Now, the heir refused to accept the building, as she had the right to do under the judgment of the thirty-first of May, 1869; then why should the amount in her favor in the auditor's report, to wit, the $1790 85, be credited with the cost of the building erected on her property by the tutor without authority of the court? She certainly was not chargeable with the cost of property she had the right under the judgment of the thirty-first of May, 1869, to refuse to accept from her tutor, and which she did refuse to accept at the trial of this case in the court *a qua*.

The court did not err, therefore, in giving the heir judgment for the amount found to be due her, and in decreeing that the tutor be permitted to remove the building which he had illegally erected on the premises of the minor.

The appellant raises many other questions, which we can not consider in revising the judgment before us, which is the judgment of the eleventh day of June, 1869. There are two other judgments in the record, which were rendered before the one now under revision, in which these questions were disposed of, and as no appeal was taken therefrom, we will not examine the correctness of said judgments. The appellee also raises a question which we can not examine. It is as to the value of the rent of the property of the minor occupied by the tutor in 1863, 1864 and 1865. This question was settled in the judgment of the thirty-first of May, 1869, from which no appeal was taken.

Judgment affirmed.